IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| JESSE APUAURO MAUGA, JR.<br><br>　　　　Petitioner,<br><br>　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | Criminal No. 12-00237-HG-01<br>Civil No. 15-00213-HG-KSC |

**ORDER DIRECTING THE UNITED STATES TO INFORM THE COURT BY OCTOBER 20, 2015, IF IT SEEKS AN EVIDENTIARY HEARING OR ELECTS NOT TO OPPOSE PETITIONER JESSE APUARO MAUGA, JR.'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE, PURSUANT TO 28 U.S.C. § 2255
(ECF NO. 333)**

On June 5, 2015, Petitioner Jesse Apuauro Mauga, Jr. filed a Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255. ("2255 Motion").  (ECF No. 333).  Petitioner challenges his sentence, stating his attorney provided ineffective assistance of counsel by failing to file a notice of appeal.  Petitioner also claims he should have received a lower sentence.

The Court directs the United States to inform the Court by **October 20, 2015** if (1) it seeks an evidentiary hearing, or (2) it elects not to oppose Petitioner's 2255 Motion and instead agrees to an appeal.

1

## PROCEDURAL HISTORY

On June 5, 2015, Petitioner Jesse Apuauro Mauga, Jr. ("Petitioner" or "Petitioner Mauga") timely filed a Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255 ("2255 Motion"). (ECF No. 333).

On July 1, 2015, the United States requested additional time to respond to Petitioner Mauga's 2255 Motion. (ECF No. 336).

On July 2, 2015, the Court found that Petitioner waived his attorney-client privilege as to Attorney Cynthia Kagiwada ("Attorney Kagiwada"). (ECF No. 337). The Court also granted the United States' request for additional time, and ordered that its Opposition to Petitioner's 2255 Motion due on July 31, 2015. (ECF No. 338).

On July 31, 2015, the United States filed its Opposition to Petitioner's 2255 Motion. (ECF No. 339).

Petitioner Mauga has not filed a Reply to the United States' Opposition.

## BACKGROUND

**The United States' Indictment**

On March 8, 2012, the United States filed an Indictment that charged Petitioner Jesse Apuauro Mauga, Jr. ("Petitioner" or "Petitioner Mauga") and three co-defendants with various offenses

related to the distribution and possession with intent to distribute methamphetamine. (ECF No. 20). The Indictment charged Petitioner with the following offenses:

>    **Count 1**- conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).
>
>    **Counts 2 and 3**- intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).
>
>    **Count 6**- possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and 18 U.S.C. § 841(a)(1), 841(b)(1)(B), and 846.

On March 22, 2012, Petitioner Mauga appeared in the United States District Court for the District of Hawaii. He retained Myles S. Breiner ("Attorney Breiner") as Defense Counsel and pled not guilty to the Indictment. (ECF No. 34).

**Petitioner's Motion to Suppress Evidence**

On August 7, 2012, Petitioner Mauga moved the Court to suppress all evidence seized from an apartment he had leased. (ECF No. 97). The seized evidence in question included 2,863.50

grams of methamphetamine.  (Memo. in Opp. at p. 3, ECF No. 158; Presentence Investigation Rep. at 27, ECF No. 310).[1]  The Court denied Petitioner's Motion to Suppress on February 1, 2013.  (ECF No. 168).

**Attorney Kagiwada Appointed Counsel for Petitioner**

On August 21, 2013, Attorney Breiner moved to withdraw from his representation of Petitioner Mauga, citing a conflict of interest.  (ECF No. 199).  The Court granted Attorney Breiner's motion, (ECF No. 203), and appointed Cynthia Kagiwada ("Attorney Kagiwada") as Defense Counsel on August 27, 2013.  (ECF No. 205).

**Petitioner's Guilty Plea**

On December 17, 2013, Petitioner Mauga and the United States filed, in open court, a Joint Memorandum of Plea Agreement ("Plea Agreement").  (ECF No. 233).  In relevant part, the Plea Agreement contained the following points:

> In paragraph 6, the Plea Agreement stated that in exchange for Petitioner's guilty plea to Count 1 of the Indictment, the United States agreed to dismiss Counts 2, 3, and 6, as to him.
>
> In paragraph 7, the parties agreed that the underlying

---

[1] Counts 1 and 6 of the Indictment held Petitioner responsible for the methamphetamine seized from an apartment that was the subject of the Motion to Suppress.

4

conduct behind Counts 2 and 3, however, constituted "relevant conduct" for the purpose of his base offense level calculation.  As to the underlying conduct behind Count 6, the Plea Agreement reserved the right for Petitioner to challenge the amount of drugs for which he would be held accountable.

In paragraph 18, the parties agreed that Petitioner Mauga waived the right to appeal any sentence that was under the applicable statutory maximum, the manner in which the Court determined his sentence on any of the grounds set forth in 18 U.S.C. § 3742, or on any other ground whatsoever.  In spite of this appeal waiver, Petitioner maintained the right to appeal (1) the portion of his sentence that would be greater than specified in the applicable Sentencing Guidelines range, and (2) the Court's denial of his Motion to Suppress.  The parties also agreed that Petitioner waived his right to collaterally attack his sentence or the manner in which the Court determined his sentence, unless that attack is based on (1) a claim of ineffective assistance of counsel, or (2) is based on a claim that the Court imposed a sentence greater than the applicable guideline range's specification.

On December 17, 2013, Petitioner Mauga appeared before the Magistrate Judge and pled guilty to Count 1 of the Indictment.

(ECF No. 293). During the plea colloquy, Petitioner confirmed that he reviewed the Plea Agreement with Attorney Kagiwada twice, that she answered his questions, and that he understood the Plea Agreement's contents. (Transcript of Plea Hearing at p. 3, ECF No. 293). The District Court Judge subsequently accepted Petitioner's guilty plea. (ECF No. 258).

**Petitioner's Sentencing Hearing**

In preparation for Petitioner's sentencing hearing, the United States Probation Office wrote a Presentence Investigation Report ("PSR"). (ECF No. 310). A preliminary version of the PSR factored in the 2,863.50 grams of methamphetamine seized at the apartment in February 2012, but Attorney Kagiwada successfully argued against its inclusion in the final version of the PSR. (Id. at p. 27).

Having excluded the 2,863.50 grams of methamphetamine seized in February 2012, the final PSR calculated a Total Offense Level of 31 and a Criminal History Category of 1. (PSR at p. 15, ECF No. 310). The final PSR also stated Petitioner faced a mandatory minimum sentence of 10 years imprisonment, and that the applicable Sentencing Guidelines recommended a sentence of 120 to 135 months imprisonment. (Id. at p. 30). On May 29, 2014, the Court sentenced Petitioner Mauga to 120 months, or 10 years, imprisonment, 5 years supervised release, and levied a special

assessment of 100 dollars.  (ECF Nos. 307; 308).

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2255, provides federal prisoners with a right of action to challenge a sentence if it was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such a sentence, the sentence was in excess of the maximum authorized by law, or the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  A prisoner may file a motion ("2255 Motion") to vacate, set aside, or correct a sentence.  28 U.S.C. § 2255. The scope of collateral attack of a sentence is limited, and does not encompass all claimed errors in conviction and sentencing.

A district court generally must hold an evidentiary hearing to assess the worthiness of a petitioner's 2255 Motion, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  An evidentiary hearing is not required, however, if a prisoner's allegations, "when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Leonti, 326 F.3d 1111, 1116 (9th Cir. 2003)(quoting United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984))

(internal quotations omitted).

Courts do not hold *pro se* petitioner submissions to the same standard as filings submitted by counsel. Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002), as amended on denial of reh'g (Feb. 8, 2002). *Pro se* submissions are liberally construed "to afford the petitioner the benefit of any doubt." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (quoting Bretz v. Kelman, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985)) (internal quotations omitted). *Pro se* Section 2255 submissions do not need to aver specific facts, which if true, would entitle the petitioner to relief. United States v. Sandoval-Lopez, 409 F.3d 1193, 1198 (9th Cir. 2005).

## **ANALYSIS**

Petitioner Jesse Apuauro Mauga, Jr. ("Petitioner" or "Petitioner Mauga") challenges his sentence on the basis that his appointed counsel, Cynthia Kagiwada ("Attorney Kagiwada"), provided ineffective assistance of counsel because she failed to follow his request to appeal. (Petitioner's Motion at p. 4, ECF No. 333). Petitioner also claims that his sentence was too long; he does not, however, state the legal basis for this claim.

Petitioner Mauga's bare bones 2255 Motion alleges that Attorney Kagiwada failed to follow his instructions to appeal his sentence. (Petitioner's Motion at p. 4, ECF No. 333). Attorney

Kagiwada disputes Petitioner's assertion that he instructed her to file any appeal. (Kagiwada Decl. at ¶¶ 10-17, ECF No. 339). Attorney Kagiwada states she consulted with Petitioner at various times after his sentencing hearing to discuss appealing his case. (Id.). Attorney Kagiwada asserts that during one of these contacts with Petitioner Mauga, she reviewed any appealable issues that stood outside the scope of the Plea Agreement's waiver. (Id. at ¶ 14). Attorney Kagiwada states that after the review, she advised Petitioner against an appeal because she did not believe he had any meritorious grounds on which to stand. (Id.). Attorney Kagiwada states that she informed Petitioner of the relevant appeal deadline, (id. at ¶ 13), but Petitioner never asked her to file a notice of appeal. (Id. at ¶ 16).

**I. Petitioner's Ineffective Assistance of Counsel Claim**

A defendant who alleges ineffective assistance of counsel must satisfy the Strickland two-part test of ineffective assistance:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary

process that renders the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984).

In situations where a defendant alleges his attorney failed to follow his request to appeal, the Ninth Circuit Court of Appeals distills Strickland into a bright-line rule: a defendant who establishes that he told his lawyer to appeal *and* his lawyer refused, is entitled to relief. Sandoval-Lopez, 409 F.3d at 1197. Such a showing meets both prongs of Strickland because (1) the act of filing a notice of appeal "is a purely ministerial task" that "cannot be considered a strategic decision," Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000), and (2) "[t]he prejudice . . . is that the defendant lost his chance to file the appeal." Sandoval-Lopez, 409 F.3d at 1197; see also Thorward v. Knowles, 220 F. App'x 728, 729 (9th Cir. 2007) (observing that "this court has held that prejudice necessarily arises when a lawyer disregards an express instruction to file an appeal").

Faced with this disagreement over what occurred, the Court has two options, pursuant to Sandoval-Lopez, 409 F.3d 1193. The Court may either (1) hold an evidentiary hearing, or (2) if the United States does not object, assume without deciding that Petitioner requested an appeal that was not made, vacate and reenter the judgment, and allow Petitioner's appeal to proceed. Id. at 1198.

The Court directs the United States to inform the Court by

10

**October 20, 2015**, if it (1) seeks an evidentiary hearing as to what occurred with respect to the filing of a notice of appeal, or (2) elects not to oppose Petitioner's 2255 Motion and instead agrees to an appeal. If the United States seeks an evidentiary hearing, the Court will appoint counsel for that limited purpose under Rule 8 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**II. Matters to Consider if Petitioner Appeals**

Petitioner is *pro se* and filed his 2255 Motion without the advice of counsel. Petitioner's 2255 Motion implies he has a meritorious ground for appeal, yet Petitioner has also waived all appeal rights, except for appeals relating to (1) the portion of his sentence that is greater than specified in the applicable Sentencing Guidelines range, and (2) the Court's denial of his Motion to Suppress. (ECF No. 233). Should Petitioner Mauga appeal in violation of the Plea Agreement, he may be found to have breached the Plea Agreement. See Gutierrez v. United States, No. CR042148TUCDCB, 2006 WL 2850336, at *4 (D. Ariz. Oct. 2, 2006). A material breach can free the United States from its Plea Agreement obligations, which in turn exposes Petitioner to the risk of facing additional charges. United States v. Cimino, 381 F.3d 124, 128 (2d Cir. 2004) (holding that "when a defendant breaches his plea agreement, the Government has the option to

11

either seek specific performance of the agreement or treat it as unenforceable"). Given the possibility that an appeal may lead to adverse consequences for Petitioner, the Court cautions Petitioner to consider, with care, his intended course of action.

## CONCLUSION

The Court directs the United States to inform the Court by **October 20, 2015** if (1) it seeks an evidentiary hearing, or (2) it elects not to oppose Petitioner's 2255 Motion and instead agrees to an appeal.

Pending the response of the United States, the Court reserves its ruling on Petitioner Mauga's Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255. (ECF No. 333).

IT IS SO ORDERED.

DATED: September 30, 2015, Honolulu, Hawaii.



/s/ Helen Gillmor

Helen Gillmor
United States District Judge

Jesse Apuauro Mauga, Jr. v. United States of America; Cr. No. 12-00237-HG-01; Cv. No. 15-00213-HG-KSC; **ORDER DIRECTING THE UNITED STATES TO INFORM THE COURT BY OCTOBER 20, 2015, IF IT SEEKS AN EVIDENTIARY HEARING OR ELECTS NOT TO OPPOSE PETITIONER JESSE APUARO MAUGA, JR.'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE, PURSUANT TO 28 U.S.C. § 2255.  (ECF No. 333)**