IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | )  CR. NO. 12-00237 HG-01 |
| Plaintiff, | ) |
| vs. | ) |
| JESSE APUAURO MAUGA, JR., | ) |
| Defendant. | ) |

**ORDER DENYING DEFENDANT'S EMERGENCY MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 349)**

Defendant is currently incarcerated at the United States Penitentiary Lompoc in California with a projected release date of October 18, 2022.

Defendant has filed a Motion seeking immediate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). Defendant seeks release due to the COVID-19 pandemic.

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

Considering the totality of the circumstances, Defendant's EMERGENCY MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 349) is **DENIED**.

### STANDARD OF REVIEW

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified

1

by a district court except in limited circumstances. <u>Dillon v. United States</u>, 560 U.S. 817, 824-25 (2010).

On December 21, 2018, Congress passed the First Step Act of 2018. PL 115-391, December 21, 2018, 132 Stat. 5194. The First Step Act amended 18 U.S.C. § 3582(c), the statute governing the limited circumstances under which the trial court may evaluate a motion for reduction of sentence.

The First Step Act altered the statute in Section 3582(c)(1)(A) to allow a defendant to request the trial court reduce his sentence through a motion for compassionate release, but the statute requires the defendant to first present his request for release to the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A).

18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, provides, in pertinent part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment...after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>    (I)  extraordinary and compelling reasons warrant such a reduction;
> ...
>         and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

## **SECTION 3582(c)(1)(A) AS AMENDED BY THE FIRST STEP ACT**

### A. Mandatory Procedural Requirement

The statute allows the Court to consider a defendant's request for compassionate release only after the defendant has first presented his request to the Bureau of Prisons ("BOP"). 18 U.S.C. § 3582(c)(1)(A); United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

The Parties agree that Defendant has complied with the procedural requirement of 18 U.S.C. § 3582(c)(1)(A) and that the Court may consider the motion for compassionate release.

### B. Merits Of Defendant's Request For Compassionate Release

If a defendant has complied with the mandatory procedural requirement set forth in 18 U.S.C. § 3582(c)(1)(A), the District Court may reduce a term of imprisonment, including the grant of compassionate release, upon finding "extraordinary and compelling reasons" consistent with applicable policy statements of the Sentencing Commission.

The Sentencing Commission's policy statement is provided in United States Sentencing Guidelines § 1B1.13:

> [T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
>    (1)(A)   Extraordinary and compelling reasons

>                    warrant the reduction; or
>
>          (B)       The defendant (i) is at least 70 years
>                    old; and (ii) has served at least 30
>                    years in prison pursuant to a sentence
>                    imposed under 18 U.S.C. § 3559(c) for
>                    the offense or offenses for which the
>                    defendant is imprisoned;
>
>    (2)             The defendant is not a danger to the
>                    safety of any other person or to the
>                    community, as provided in 18 U.S.C. §
>                    3142(g); and
>
>    (3)             The reduction is consistent with this
>                    policy statement.

U.S.S.G. § 1B1.13.

If Defendant is not 70 years of age and was not sentenced pursuant to 18 U.S.C. § 3559(c), Defendant is only entitled to relief if he demonstrates:

> (1) extraordinary and compelling reasons warrant a sentence reduction;
>
> (2) he is not a danger to the safety of others or the community; and,
>
> (3) any requested reduction is consistent with the policy statement.

United States v. Gill, 2020 WL 2084810, *2 (E.D. Cal. Apr. 30, 2020).

### C. Extraordinary And Compelling Reasons

The Sentencing Commission's Commentary Application Notes for Guideline § 1B1.13 provides the definition of "extraordinary and compelling reasons." The Court agrees with the majority of the district courts in the Ninth Circuit that have concluded that

4

Section 1B1.13 and its definition of "extraordinary and compelling reasons" applies to motions for compassionate release even though the sentencing guideline was not separately amended following the passage of the First Step Act.  See Riley v. United States, 2020 WL 1819838, *8 (W.D. Wash. Apr. 10, 2020) (collecting cases); United States v. Shields, 2019 WL 2359231, *4 (N.D. Cal. June 4, 2019).

Sentencing Guideline Section 1B1.13's Commentary Application Notes explain that extraordinary and compelling reasons exist when:

- (A) **Medical Condition of the Defendant.**–

  - (I) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory).  A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required.  Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

  - (ii) The defendant is—

    - (I) suffering from a serious physical or medical condition,

    - (II) suffering from a serious functional or cognitive impairment, or

    - (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

- (B) **Age of the Defendant.**–The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration

        in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

- (C) **Family Circumstances.**–
  - (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

  - (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

- (D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

The Court has the discretion to determine whether other extraordinary and compelling reasons exist, as stated in paragraph (D), when ruling on motions for compassionate release. United States v. Hernandez, 2020 WL 3453839, at *4 (D. Haw. June 24, 2020).

## PROCEDURAL HISTORY

On March 8, 2012, the grand jury returned an Indictment charging Defendant Mauga and three co-defendants with a number of drug trafficking crimes. (Indictment, ECF No. 21). Defendant Mauga was charged as follows:

**Count 1**: Conspiracy To Distribute And To Possess With Intent To Distribute 50 Grams Or More Of Methamphetamine In Violation Of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A).

**Count 2**: Distribution of 50 Grams Or More Of Methamphetamine In Violation Of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

**Count 3**: Distribution of 50 Grams Or More Of Methamphetamine In Violation Of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

**Count 6**: Possession With Intent To Distribute 50 Grams Or More Of Methamphetamine In Violation Of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A).

(Id.).

On December 17, 2013, Defendant pled guilty to Count 1 in the Indictment. (ECF Nos. 231-34, 258).

On May 29, 2014, the Court held a sentencing hearing. (ECF No. 307). Defendant's Presentence Report reflected that at the time of sentencing Defendant was 48 years old, and he was in Criminal History Category I with a Total Offense Level of 31 and a guideline range of 120 to 135 months imprisonment. (Presentence Report at pp. 2, 30, ECF No. 310).

The Court imposed a sentence of 120 months imprisonment, followed by 5 years of supervised release. (ECF Nos. 308, 343).

On May 29, 2020, Defendant filed MOTION FOR IMMEDIATE RELEASE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE). (ECF No. 349).

On June 1, 2020, the Court issued a briefing schedule. (ECF No. 350).

On June 15, 2020, the Government filed GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR IMMEDIATE RELEASE UNDER FIRST STEP ACT (COMPASSIONATE RELEASE). (ECF No. 354).

On June 25, 2020, Defendant filed a Reply.  (ECF No. 358).

Also on June 25, 2020, Defendant filed CITATION TO SUPPLEMENTAL AUTHORITY.  (ECF No. 360).

On June 29, 2020, Defendant filed UPDATE TO THE COURT REGARDING MOTION FOR IMMEDIATE RELEASE UNDER THE FIRST STEP ACT. (ECF No. 362).

On July 21, 2020, the Court issued a Minute Order requesting supplemental briefing from the Parties.  (ECF No. 363).

On July 23, 2020, Defendant filed SUPPLEMENTAL BRIEF REGARDING MR. MAUGA'S MOTION FOR IMMEDIATE RELEASE PURSUANT TO THE FIRST STEP ACT (COMPASSIONATE RELEASE).  (ECF No. 364).

On August 10, 2020, the Government filed GOVERNMENT'S SUPPLEMENTAL BRIEF REGARDING DEFENDANT'S MOTION FOR IMMEDIATE RELEASE.  (ECF No. 368).

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

## **ANALYSIS**

Defendant Mauga is 55 years old.  Defendant is currently incarcerated at the United States Penitentiary ("USP") Lompoc in California.  Defendant bears the burden to demonstrate that extraordinary and compelling reasons exist that warrant immediate release from incarceration.  United States v. Greenhut, 2020 WL 509385, *1 (C.D. Cal. Jan. 31, 2020).

The Centers for Disease Control has identified certain

categories of individuals that are at a higher risk for severe illness due to COVID-19.  The list includes people with chronic lung disease, moderate or serious asthma, serious heart conditions, obesity, chronic kidney disease, liver disease, diabetes, or individuals who are immunocompromised.  See United States v. Jones, Crim. No. 13-00860 LEK-03, 2020 WL 2331678, *5 (D. Haw. May 11, 2020).

**I.    Medical Condition**

   **A.    Current Centers For Disease Control Standards And Defendant's Medical Concerns**

The Centers for Disease Control ("CDC") has explained that, as of September 9, 2020, people with certain underlying medical conditions are at increased risk for severe illness from COVID-10, including obesity and chronic kidney disease. (CDC Coronavirus Disease 2019 (COVID-19) Website, available at http://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC AA refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html, last visited 9/9/20).

The CDC has also stated that individuals "might be at an increased risk" for severe illness from COVID-19 when suffering from conditions including asthma and high blood pressure.  (Id.)

Defendant is 55 years old.  He alleges that he suffers from asthma, hypertension or high blood pressure, kidney issues, and obesity.

9

### B.     Defendant Has Contracted And Recovered From COVID-19

Defendant's Bureau of Prisons ("BOP") medical records reflect that Defendant tested positive for COVID-19 on June 26, 2020.  (Ex. R, attached to Def.'s Supp. Brief, ECF No. 364-1). Defendant was transferred to the inpatient hospital unit at USP Lompoc on July 1, 2020.  (Ex. S at pp. 2-3, attached to Def.'s Supp. Brief, ECF No. 367).  Defendant was placed in quarantine from July 1, 2020 until July 14, 2020.  (Id. at p. 4).  Defendant tested negative for COVID-19 on July 10, 2020, and again on July 17, 2020.  (Id. at p. 54).  The BOP has deemed the Defendant to be fully recovered.  (Id.)

Little is understood about the possibility of COVID-19 re-infection, however, the fact that Defendant has already contracted COVID-19 and recovered counsels against a finding of extraordinary and compelling circumstances to warrant granting immediate release.  United States v. Ofa, Crim. No. 17-00145 JMS-01, 2020 WL 4496497, *2-*3 (D. Haw. Aug. 4, 2020).  Numerous courts have concluded that the dangers associated with COVID-19 are not a ground for relief for someone who already had the disease and recovered.  United States v. Molley, Crim. No. 15-0254 JCC, 2020 WL 3498482, *2 (W.D. Wash. June 29, 2020); United States v. Zubkov,     F.3d    , 2020 WL 2520696, *3 (S.D.N.Y. May 18, 2020).

## C. Medical Conclusion

Defendant is 55 years old. The CDC recognizes that risk of severe illness from COVID-19 increases with age. Those 65 years of age or older are at increased risk and those 85 years and older at the greatest risk. (https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html, last visited 9/9/20). Defendant's age does not place him in a category of increased risk of complications due to COVID-19.

Defendant has a history of asthma. Defendant has been prescribed an Albuterol Inhaler and Mometasone Furoate Inhaler to treat his asthma since September 2019. (Ex. K, BOP Medical Records at pp. 4-6, ECF No. 353).

In June 2020, Defendant complained of wheezing and shortness of breath. Following Defendant's positive test for COVID-19 on June 26, 2020, Defendant was transferred to the inpatient hospital at USP Lompoc on July 1, 2020. Upon examination on July 2, 2020, the records reflect Defendant's asthma diagnosis, but reflect that it is not a serious condition as there is "no acute cardiopulmonary disease." (Ex. S at p. 3, ECF No. 367). Defendant was able to speak in complete sentences, his lungs were mostly clear, and there were no focal acute infiltrates. (Id.)

Defendant tested negative for COVID-19 on July 10, 2020. He continued to be monitored and tested negative a second time on July 17, 2020. Upon discharge to the Housing Unit on July 20, 2020, the records reflect that Defendant no longer had any

shortness of breath and his cough continued to improve. (<u>Id.</u> at p. 4). Defendant was instructed to continue using his inhalers to treat his asthma symptoms. (<u>Id.</u> at p. 3).

A review of Defendant's BOP medical records demonstrates there has been no diagnosis of moderate or severe asthma that would support his immediate release. While Defendant experienced negative symptoms prior to and while diagnosed with COVID-19, he did not experience any acute symptoms. Rather, Defendant's medical records reflect that he has been able to manage his asthma condition while he has been incarcerated, including while he contracted COVID-19.

Defendant's BOP Medical records reflect that in February of 2016 Defendant was diagnosed with Stage 3B (moderate) Chronic Kidney Disease. (Ex. K at p. 2, ECF No. 353). Defendant has not required dialysis or any chronic treatment for his kidney condition.

Defendant's BOP medical records also state Defendant has been diagnosed with hypertension/high blood pressure. (Ex. S at p. 2, ECF No. 367; Ex. K at p. 2, ECF No. 353). Defendant has been prescribed Aspirin, Lisinopril, and Verapamil to treat his hypertension/high blood pressure.

There is no evidence that Defendant is unable to manage his kidney condition or his hypertension/high blood pressure while incarcerated.

Defendant alleges in his Reply that he is obese with a BMI of 37.2. (Reply at p. 11, ECF No. 358). Defendant has not been

diagnosed with obesity in his BOP medical records and his BMI is not listed in his medical records.

On July 1, 2020, Defendant was listed as being 5'11" tall with a weight of 250.4 pounds. (Ex. S at p. 226, ECF No. 367). Pursuant to the U.S. Department of Health & Human Services' Body Mass Index Calculator, Defendant's Body Mass Index as of July 1, 2020 would be 34.9. This factor alone is insufficient to support a claim for compassionate release.

Defendant has not established a basis for compassionate release based on his medical issues. The record does not demonstrate that he is suffering any serious health conditions following his recovery from COVID-19 that would warrant his immediate release. The record demonstrates that Defendant has received and continues to receive appropriate medical care by the BOP. (Def.'s BOP medical records attached as Exs. N, K, S, ECF No. 353, ECF No. 358-6, ECF No. 367). Conditions that can be managed in prison are not a basis for compassionate release. United States v. Kazanowski, Crim. No. 15-00459 DKW-05, 2020 WL 3578310, *9 (D. Haw. July 1, 2020) (citing U.S.S.G. § 1B1.13 cmt. n.1(A)).

## II. Section 3553(a) Factors And Defendant's History and Characteristics

### A. History and Characteristics

In order to be eligible for compassionate release, Defendant must establish release is appropriate pursuant to the factors set

13

forth in 18 U.S.C. § 3553(a) and that he is not a danger to the safety of others or the community.  18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(2).

The Section 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed.

The Presentence Report reflects that Defendant Mauga was a member of a conspiracy to distribute large quantities of high purity methamphetamine in the community.  Defendant received the mandatory minimum sentence provided by statute at the time of his sentencing.

Defendant was 48 years old at the time of his sentencing and is currently 55 years old.  Although Defendant was in Criminal History Category I at the time of sentencing, Defendant has a long history of involvement with the criminal justice system dating back to 1984 when he was only 18 years old.  Defendant claims that his current offense was "nonviolent" but such a position ignores the impact that drug trafficking has on the community and the violence associated with drug trafficking.  Defendant also has a history of violence.  Defendant has been convicted of assault, battery, and weapons charges.

Defendant was convicted in California State Court for:
  (1) Possess/Manufacture/Sell Dangerous Weapon; and,
  (2) Force/Assault With a Deadly Weapon Not Firearm: Great Bodily Injury Likely.

(Presentence Report at p. 16, ECF No. 310).

At the same time as the Force/Assault conviction, Defendant was convicted of providing false identification to a police officer.  (Id.)

Defendant also has a conviction in California State Court for Battery and two separate convictions for Malicious Mischief and Vandalism.  (Id. at p. 17).

### B.     Portion Of Sentence Served

A review of the caselaw demonstrates that the portion of the sentence already served by the defendant is a necessary factor for the Court to consider in evaluating compassionate release. United States v. Connell,    F.Supp.3d.   , 2020 WL 2315858, at *6 (N.D. Cal. May 8, 2020).  The amount of time served of the originally imposed sentence must be considered pursuant to Section 3553(a) to ensure that the amount of time adequately reflects the seriousness of the offense, deters criminal conduct, and protects the public.  United States v. Barber,    F.3d   , 2020 WL 2404679, *5 n.9 (D. Ore. May 12, 2020).

At the time he filed his Motion, Defendant Mauga served approximately 73 months of his 120 month sentence.

### C.    Appropriateness of Immediate Release

The Court finds that the nature and circumstances of Defendant's offense weigh in favor of his 120-month sentence. Defendant was a member of a large conspiracy to distribute highly pure methamphetamine in the community.

Defendant's history and characteristics also do not favor a reduced sentence.  Defendant's long criminal history and history of violence and weapons charges demonstrate that he poses a danger to the safety of others and the community.  At the time of filing his Motion, Defendant had only served approximately 61% of his mandatory minimum sentence of 120 months.  The factors in Section 3553(a) do not support the immediate release of the Defendant.

### III. Summary Of Medical Conclusion And Section 3553(a) Factors

Defendant has not established a basis for compassionate release based on his medical issues.  The record does not demonstrate that he is suffering from a terminal health condition or a condition that substantially interferes his ability to provide self-care while incarcerated.  Defendant was diagnosed with COVID-19, and while he did suffer negative symptoms, he did not suffer any acute symptoms.  Defendant has been able to manage his medical conditions while incarcerated, including while he contracted COVID-19.  The record demonstrates that Defendant has received and continues to receive appropriate medical care by the BOP.

Defendant's long criminal history and history of violence and weapons charges demonstrate that he poses a danger to the safety of others and the community.  Defendant has a significant portion of his imposed sentence remaining.  Defendant has not established that his immediate release is warranted pursuant to

the Section 3553(a) factors.

## CONCLUSION

Defendant's Emergency Motion To Reduce Sentence Under The First Step Act (ECF No. 349) is **DENIED**.

IT IS SO ORDERED.

Dated: September 11, 2020, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

United States v. Jesse Apuauro Mauga, Jr., Crim. No. 12-00237 HG-01; **ORDER DENYING DEFENDANT'S EMERGENCY MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (ECF No. 349)**